IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 21, 2007

## STATE OF TENNESSEE v. KENNY RAY O'DELL

**Direct Appeal from the Criminal Court for Cocke County**
**Nos. 0015, 0016    Ben W. Hooper, II, Judge**

_____

**No. E2006-02471-CCA-R3-CD - Filed November 7, 2007**

_____

Defendant appeals his sentences as a result of guilty pleas to two counts of robbery, a class C felony. Defendant was sentenced by the trial court as a Range I Standard Offender to one six-year term for case number 0015 to be served in the Tennessee Department of Correction and one six-year term, suspended, for case number 0016 to be served on probation. Defendant was also ordered to pay $6,999.00 in restitution for case number 0015 and $621.00 in restitution for case number 0016. The sentences are to be served consecutively. On appeal Defendant argues that he should have received a sentencing alternative other than incarceration and that the sentences should have been ordered to be served concurrently with each other. He does not challenge the length of the individual sentences or the amounts of restitution. After a thorough review of the record, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and ROBERT W. WEDEMEYER, JJ. joined.

Edward Cantrell Miller, District Public Defender; Keith E. Haas, Assistant Public Defender, for the appellant, Kenny Ray O'Dell.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; James B. Dunn, District Attorney General; and Amanda H. Inman, Assistant District Attorney General, for the appellee, the State of Tennessee

**OPINION**

**I. Background**

Defendant pled guilty to robbing Ms. Joann Shelton at Food City in Newport on April 30, 2006. Ms. Shelton testified that Defendant, while seated in his car, asked for directions and when she leaned in towards the passenger's side window to tell him where to go, Defendant grabbed her

purse strap. Ms. Shelton testified that Defendant then began to drive while she was still holding onto her purse, effectively dragging her across the parking lot. Ms. Shelton stated that she suffered bruises as a result of this. Ms. Shelton testified that her purse contained jewelry and $4.00 in cash. Ms. Shelton's driver's license was in her purse when it was stolen and her glasses were broken during the altercation.

Defendant also pled guilty to robbing Ms. Lynda Gray on May 12, 2006. Defendant took Ms. Gray's purse while she was shopping for a Mother's Day card at a Dollar General in Newport. Defendant grabbed her purse and pulled her down the aisle. She testified that she did not let go until he drug her into a display case forcing her to release the purse. Ms. Gray testified she had $580.00 in cash. Also, her driver's license was in her purse and had to be replaced.

Defendant testified at the hearing that he did not really remember the robberies because he was high on methamphetamine and crack cocaine. Defendant said he was a "crack feine [sic]" at the time the robberies were committed. Defendant testified that when he heard about the robberies he had some memory of them and turned himself in to the police. He stated that he did not notice any jewelry in Ms. Shelton's purse, but would pay back whatever she felt he owed her. Defendant apologized during his testimony and also testified that he had apologized to Ms. Shelton on the day of his arraignment. Defendant has two small boys, ages two and four, and a wife. He is employed and the record includes a letter from his employer stating that Defendant is a good worker.

The State introduced the presentence report as evidence. The presentence report shows defendant has three convictions for theft under $500.00, qualifying him as a Range I Standard Offender. It also reports that Defendant has been convicted of seven traffic offenses, one possession of drugs offense, four assaults, two domestic violence charges, one vandalism, one evading arrest, one failure to appear, one criminal impersonation, and one criminal trespassing. These offenses began when Defendant was eighteen, and he is now twenty-eight years old at the time of sentencing.

## II. Analysis

### A. Standard of Review

When a defendant challenges the length or the manner of service of his or her sentence, this Court must conduct a de novo review with a presumption that the determinations made by the trial court are correct. T.C.A. § 40-35-401(d); *State v. Imfeld*, 70 S.W.3d 698, 704 (Tenn. 2002). This presumption, however, is contingent upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999). If the record fails to show such consideration, the review of the sentence is purely de novo. *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

In making its sentencing determinations the trial court must consider: (1) the evidence presented at the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct;

(5) evidence and information offered by the parties on the mitigating and enhancement factors; (6) the defendant's potential or lack of potential for rehabilitation or treatment; (7) any statistical information provided by the administrative office of the court as to sentencing practices for similar offenses in Tennessee; and (8) any statements made by Defendant in his own behalf. T.C.A. §§ 40-35-103 and -210; *State v. Williams*, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995). The defendant bears the burden of showing that his sentence is improper. T.C.A. § 40-35-401(d) Sentencing Commission Comments; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

If our review reflects that the trial court, following the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and made findings of fact that are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). The general principles of sentencing require that the length of sentence be "justly deserved in relation to the seriousness of the offense" and "be no greater than that deserved for the offense committed." *State v. Imfeld*, 70 S.W.3d 698, 708 (Tenn. 2002) (citing T. C. A. §§ 40-35-102(1) and -103(2)).

## B. Trial Court's Ruling

In the instant case, the trial judge sentenced Defendant to a six-year term of incarceration for case number 0015 and a six-year suspended sentence to be served on probation for case number 0016. The trial court stated that these offenses were "as serious as offenses can get." The judge detailed Defendant's lengthy criminal history and observed that in the last eight out of ten years Defendant has been "in trouble."

The trial court found Defendant is a Range I offender. He found the following "advisory factors" to exist in determining the sentence. First, the trial court determined that Defendant has a previous history of criminal convictions and criminal behavior. T.C.A. § 40-35-114(1). Next, the trial court found that the victims were particularly vulnerable because of age or physical disabilities. T.C.A. § 40-35-114(4). Ms. Shelton testified that she is a stroke victim, has had five heart attacks, and qualifies for handicapped parking privileges. Ms. Gray testified that she collects disability. The trial court also found applicable enhancement factor number five, that Defendant treated or allowed the victim to be treated with exceptional cruelty during the commission of each offense. According to Ms. Shelton's testimony, Defendant, while driving his car, drug her around the parking lot. Ms. Gray also testified that in trying to keep Defendant from stealing her purse she was pulled down the aisle by Defendant and into a display case. The trial court used these same facts to support enhancement under factor number ten, that Defendant had no hesitation about committing a crime when the risk to human life was high. T.C.A. § 40-35-114(5), (10). The trial court mentioned factor eight, that Defendant, before trial or sentencing, failed to comply with conditions of a sentence involving in release into the community. However, the trial court elected not to give this factor much weight because the evidence available was not "overly clear." T.C.A. § 40-35-114(8).

The trial court then acknowledged that he found one mitigating factor to be possibly applicable. Tennessee Code Annotated section 40-35-113 (3) provides, "[s]ubstantial grounds exist tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense" as a mitigating factor. The trial court stated that he believed there was "something to that" but because the ingestion of methamphetamine and crack cocaine was voluntary, no weight should be given to this factor. After reviewing the enhancement factors and finding no mitigating factors that should be given any weight, the trial court sentenced Defendant to the maximum of six years to serve as a Range I offender for case 0015 and to six years, suspended, for case 0016. The trial court ruled that the sentences must be served consecutive to each other.

## C. Consecutive Sentencing

A trial court may impose consecutive sentencing upon a determination that one or more of the criteria set forth in Tennessee Code Annotated section 40-35-115(b) exists. Included is a finding that "[t]he defendant is an offender whose record of criminal activity is extensive." T.C.A. § 40-35-115(b)(2). The length of the sentence, when consecutive in nature, must be "justly deserved in relation to the seriousness of the offense" and "no greater than that deserved" under the circumstances. T.C.A. § 40-35-102(1); § 40-35-103(2). Additionally, whether sentences are to be served concurrently or consecutively is a matter addressed to the sound discretion of the trial court. *State v. Hastings*, 25 S.W.3d 178, 181 (Tenn. Crim. App. 1999).

Defendant challenges his consecutive sentences on the grounds that he does not meet the consecutive sentencing requirements of Tennessee Code Annotated section 40-35-115(b). Defendant outlines how he does not fit in any of the seven factors required for consecutive sentencing. The statute requires that the trial court find only one of the seven factors in order to impose consecutive sentences. T.C.A. 40-35-115(a), Sentencing Commission Comments. In the instant case, the trial court found that Defendant had an extensive criminal history and that defendant is a "dangerous offender" whose behavior indicates no regard for human life, and no hesitation about committing a crime in which the risk to human life is high. T.C.A. 40-35-115(b)(2), (4). The trial court, however, did not make the required additional findings in order to base its decision on Defendant being a "dangerous offender." *See State v. Wilkerson*, 905 S.W.2d 933, 938 (Tenn. 1995). The State concedes this point.

Defendant's criminal history, as outlined above, is extensive, and while it is true that these are his first felony convictions, the statute does not require that the Defendant's criminal history consist of felony charges. T.C.A. 40-35-115 Sentencing Commission Comments, *see State v. Robert Smith*, No.W2006-00998-CCA-R3-CD, 2007 WL 162181, at *4 (Tenn. Crim. App., at Jackson, Jan. 23, 2007) *perm. app. denied* (Tenn. May 21, 2007). We conclude that there is ample evidence to support the trial court's determination that consecutive sentencing is appropriate due to Defendant's extensive criminal history. Therefore, Defendant is not entitled to relief on this issue.

-4-

## D. Alternative Sentencing

Robbery is a Class C felony and Defendant is a Range I standard offender. The trial court's determination of whether a defendant is entitled to an alternative sentence and whether a defendant is a suitable candidate for full probation are different inquiries with different burdens of proof. *State v. Boggs*, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). When a defendant is entitled to the statutory presumption favoring alternative sentencing, the state must overcome the presumption by the showing of "evidence to the contrary." *State v. Ashby*, 823 S.W.2d at 169; *State v. Bingham*, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995), overruled in part on other grounds by *State v. Hooper*, 29 S.W.3d 1 (Tenn. 2000); *see* T.C.A. §§ 40-35-102(6), -103(1). However, even if the defendant is entitled to the statutory presumption favoring alternative sentencing, it is the defendant who has the burden of demonstrating his or her suitability for full probation. *Bingham*, 910 S.W.2d at 455; *see* T.C.A. § 40-35-303(b). Sentencing issues must be determined by the facts and circumstances of each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987) (citing *State v. Moss*, 727 S.W.2d 229, 235 (Tenn. 1986)).

Tennessee Code Annotated section 40-35-102(5) provides as follows:

> In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration.

A defendant who does not fall within this class of offenders "and who is an especially mitigated offender or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary." T.C.A. § 40-35-102(6).

In the instant case, Defendant argues that because these are his first felony convictions and because he has completed misdemeanor probation before, that he is a proper candidate for full probation. First, we must clarify that Defendant did receive an alternative sentence as to case 0016. The trial court sentenced Defendant to six years, suspended, to be served on probation. However, simply because the trial court sentenced Defendant in this manner for case 0016 does not mean Defendant is entitled to full probation as to his other sentence. The trial court was justified in ordering Defendant to serve by full incarceration his sentence in case 0015 due to his extensive criminal history and the failure of past efforts at rehabilitation. The trial court would also have been justified in ordering Defendant to serve the sentence for case 0016 in incarceration; however, the trial court, in its discretion, ordered that sentence to be served on probation. "[G]iven their ability to review the offender's demeanor and characteristics first hand, trial courts are in the best position to ascertain an offender's amenability to [probation or] a community corrections program." *State v. Grigsby*, 957 S.W.2d 541, 547 (Tenn. Crim. App. 1997). Defendant is not entitled to relief on this issue.

## CONCLUSION

For the forgoing reasons, the judgments of the trial court are affirmed.

_____

THOMAS T. WOODALL, JUDGE.